[No. 22460. Department One. July 3, 1930.]

ORDIE E. WHITING, *Appellant*, v. W. W. EMERY, *Respondent*.[1]

*W. H. Sibbald* and *E. P. Reid,* for appellant.
*Hull & Murray,* for respondent.

BEALS, J.—Plaintiff sued for damages on account of the death of his seventeen-year-old son, who was killed in a collision between the motorcycle which he was riding and defendant's automobile, a large sedan, which defendant was driving north on the Pacific highway about ten miles south of the city of Chehalis. Defendant was intending to turn off the highway on to a road which joins the Pacific highway on the west at right angles, and leads to the city of Napavine. The intersection is of that class known as a "T intersection," the Napavine road ending at the highway.

Plaintiff, in his complaint, alleged that defendant drove his automobile negligently, in that he drove his car across the west half of the highway in front of

[1]Reported in 289 Pac. 524.

the motorcycle driven by plaintiff's son in such a manner as to cut off the progress of the motorcycle, thereby rendering it impossible for the lad to avoid colliding with defendant's car.

In his answer, defendant admitted his ownership of the automobile, that he was driving the same at the time of the collision, and that he was attempting to turn to his left into the Napavine road. Defendant denied all negligence on his part, and affirmatively pleaded that plaintiff's son was negligent in the operation of his motorcycle, which negligence contributed to the accident. Plaintiff, in his reply, denied the allegations of contributory negligence, and the action proceeded to trial before the court sitting without a jury. The trial court, being of the opinion that the evidence showed that plaintiff's son had been guilty of contributory negligence, made findings of fact and conclusions of law in defendant's favor, and entered judgment dismissing the action, from which judgment plaintiff appeals.

No questions are raised concerning the admission or rejection of evidence, appellant assigning error only upon the entry of findings of fact in respondent's favor, the refusal of the trial court to make findings in appellant's favor, and upon the entry of judgment in favor of respondent.

As appellant states, there is really little contradiction in the evidence. Respondent admits that he commenced to turn toward the Napavine road before he reached the intersection; in other words, that he "cut the corner." We are satisfied that respondent was not violating the law in regard to speed. He was, in fact, as he proceeded to make the turn, proceeding quite slowly, his attention being divided between the condition of the highway as to traffic thereon and possible traffic upon the Napavine road into which he in-

tended to turn. Respondent states that he first saw the approaching motorcycle as he was proceeding across the west half of the highway at eight or ten miles an hour. He endeavored to accelerate his speed in order to get out of the way of the motorcycle, but was unsuccessful, and the motorcycle struck respondent's car at about the right front corner of the body, the impact being so great that respondent's car was badly dented and driven sideways, as shown by the evidence, for a distance variously estimated up to three and one-half feet.

There is some dispute in the testimony as to just where the collision occurred. Appellant contends that the point of impact was about twenty feet south of the south line of the intersection. Respondent testified that the collision occurred within the intersection, although he admits that his car was then south of the center of the Napavine road, which is forty feet wide between bordering fences, the graded portion of the road being thirty feet in width. The Pacific highway is sixty feet wide, the center twenty feet of which is paved. In considering questions presented on this appeal, we resolve all doubtful questions as to the position of respondent's car at the instant of impact in favor of appellant's contention.

Respondent, while admitting that he did not comply with the law in proceeding past the center of the intersection before turning into the Napavine road, contends that such action on his part was not the proximate cause of the collision, and that the same was due entirely to the negligence of appellant's son.

The trial court found that, before proceeding to make the turn, respondent gave the proper signal for such action on his part in such manner that the same was plainly visible to all traffic on the highway within a distance of five hundred feet; that respondent was

proceeding at from ten to fifteen miles an hour and that, as he approached the intersection, he slowed down to from eight to ten miles per hour; that, as he made the turn, he looked down the Napavine road, into which he was turning, and then looked to the north along the highway, when he, for the first time, saw the approaching motorcycle, which was from seventy-five to two hundred feet away, and was approaching at a high rate of speed; that the front wheels of respondent's car were then a little to the west of the center of the pavement, and that respondent attempted to accelerate his speed in an effort to get across the pavement, and so avoid a collision; that respondent's car proceeded approximately ten feet to a point where the front wheels were just off the pavement when the collision occurred. The court made the following findings as to the approach of the motorcycle:

"IV. That the said Keith Whiting came up a rather steep hill known as Jackson Hill, the crest of which is approximately 500 feet north of the point of collision and from such point to the point of collision the road drops on approximately a two per cent grade; that upon arriving at the crest of such hill, the said Keith Whiting was operating his motorcycle at a high rate of speed and in excess of 40 miles per hour, and was in fact traveling at from 60 to 70 miles per hour, and continued at such rate of speed down to the point of collision and, while traveling for a distance of 500 feet from the top of the hill down to almost the point of collision, he had his head down until a short distance, approximately 50 feet, from the point of collision and was not paying attention to or observing the other traffic and cars upon the highway and, had he been exercising ordinary care in the operation of his motorcycle, he could have seen the defendant's signal for a left turn, which was plainly visible, and could have passed to the left and rear of defendant's car where there was at least 10 or 12 feet of unobstructed pave-

ment and no cars were approaching from the south; or he could have applied his brakes and stopped in sufficient time to have avoided a collision had he given his attention to the traffic and condition of the highway in front of him and had he been traveling at a lawful rate of speed; and the negligence of the said Keith Whiting directly and proximately contributed to his injury and death.

"V. That the defendant, Emery, in making the turn did not proceed past the center of the intersection before turning, but made such turn after a proper signal showing his intention so to do and while traveling at a speed of from 8 to 10 miles per hour, and when the defendant's car was at a point where his left front wheels were off the pavement on the left side of the highway, he was struck by the motorcycle operated by Keith Whiting.

"VI. That said Keith Whiting, in the operation of such motorcycle, struck the Franklin sedan driven by the defendant at or about the right front corner of the body, breaking the windshield, smashing the running board and driving such running board and back fender against the right rear wheel, damaging the right front door with a deep groove nearly the whole width thereof, and the force of the blow pushing the rear of the sedan sideways for a distance of approximately three feet."

Appellant relies upon the testimony of several witnesses who stated that the motorcycle was not running at over forty miles per hour when four or five hundred feet away from the intersection, and that thereafter the speed of the motorcycle decreased. Some of appellant's witnesses testified that, while coming up the incline known as "Jackson Hill," the boy's head was bent low over the handlebars, but that he raised his head as he passed the crest.

Appellant submits certain mathematical computations as to speed and distance, which he contends demonstrate that respondent was negligent in turning

his car in front of the approaching motorcycle. We cannot follow appellant's argument that these computations are controlling. In such unfortunate controversies as this, it is generally true that estimates of speed, distance traveled, and the relative position of two motor-driven vehicles prior to the instant of impact are more or less matters of speculation. Such computations as this, upon which appellant relies, are proper matters of argument, but seldom amount to a mathematical demonstration.

We have carefully read the evidence, having had recourse to the statement of facts itself, and are satisfied that the findings of the trial court that appellant's son was guilty of contributory negligence are supported by a preponderance of the testimony.

The judgment appealed from is affirmed.

MITCHELL, C. J., TOLMAN, MILLARD, and MAIN, JJ., concur.